UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CORVIAS MANAGEMENT-ARMY, LLC, and MEADE COMMUNITIES, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> PHILADELPHIA INDEMNITY INSURANCE COMPANY, and NAVIGATORS SPECIALTY INSURANCE COMPANY, <br><br> Defendants. | Case No. 1:22-cv-02285 <br><br> Jury Demanded |

## COMPLAINT

Plaintiffs Corvias Management-Army, LLC ("Corvias") and Meade Communities, LLC ("Meade"), by their counsel of record, and pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, allege as follows for their Complaint for Breach of Contract against the defendants Philadelphia Indemnity Insurance Company ("Philadelphia") and Navigators Specialty Insurance Company ("Navigators").

### Introduction

1. This case pits the insureds against their commercial general liability insurance carriers with respect to the insurers' duty to defend and their obligation to reimburse defense costs associated with an underlying action known as *Addi, et al. v. Corvias Management-Army, LLC, et al.*, Case No. 1:19-cv-03253-ELH, filed in the United States District Court for the District of Maryland (the "*Addi* Class Action").

2. The defendant insurance carriers acknowledged that they owed plaintiffs a duty to defend the *Addi* Class Action, but they also reserved rights, which raised conflicts of interest that precluded the defendants from controlling plaintiffs' defense of the *Addi* Class Action.

3. Consequently, the defendant insurance carriers were obligated to reimburse plaintiffs for the reasonable and necessary defense costs they incurred defending the *Addi* Class Action. However, Philadelphia and Navigators have not fully reimbursed plaintiffs for the reasonable and necessary defense costs associated with the defense of the *Addi* Class Action.

4. Plaintiffs seek damages for breach of the duty to defend because defendants have failed and refused to reimburse plaintiffs for the reasonable and necessary defense costs incurred with respect to the *Addi* Class Action.

## The Parties

5. Plaintiff Meade Communities, LLC ("Meade") is a Delaware limited liability corporation with its principal place of business at 1405 S County Trail, Suite 510, East Greenwich, Rhode Island. Meade is an insured under the policies at issue in this case.

6. Meade's members include Meade-Picerne Partners, LLC and the United States Department of the Army, through the Secretary of the Army.

7. Meade is the legal entity created by its members to carry out the privatized military family housing program at Ft. Meade, Maryland, as part of the Military Housing Privatization Initiative (MHPI) Act of 1996 – 10 USC 2871 – which provides the United States military Services with alternative authorities for the ownership, management, construction, and improvement of on-base military housing.

8. Plaintiff Corvias Management-Army, LLC ("Corvias") is a Delaware limited liability corporation with its principal place of business at 1405 S County Trail, Suite 510, East Greenwich, Rhode Island. Corvias is an insured under the policies at issue in this lawsuit.

9. Corvias is a wholly owned subsidiary of Corvias Military Living, LLC, a Delaware limited liability corporation with its principal place of business at 1405 S County Trail, Suite 510, East Greenwich, Rhode Island.

10. Defendant Philadelphia Indemnity Insurance Company ("Philadelphia") is a Pennsylvania property and casualty stock company and a subsidiary of Philadelphia Consolidated Holding Corp., which is a member of the Tokio Marine Group. Philadelphia's principal place of business is One Bala Cynwyd Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004.

11. Defendant Navigators Specialty Insurance Company ("Navigators") is a New York property and casualty stock company and a member of the Hartford Property and Casualty Group. Navigators' principal place of business is 1 Penn Plaza, New York, New York 10119.

## Jurisdiction

12. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) and (c) because this is action is between citizens of different states and the matter in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

13. Venue is appropriate under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## The Policies

14. From April 1, 2016, through April 1, 2020, Navigators and Philadelphia issued a series of annual, commercial general liability insurance policies that named Meade and Corvias as insureds. (See Exhibits A, B, C and D)[1]

---

[1] Exhibits A, B, C and D to this complaint contain the relevant portions of the policies because the polices are voluminous. The Philadelphia policies are approximately 250 pages each.

15. Navigators issued Policy CE16CGL157302IC effective April 1, 2016, to April 1, 2017, which provided primary commercial general liability insurance in favor of the plaintiffs. Relevant portions of the Navigators policy are attached as Exhibit A.

16. Philadelphia issued three (3) primary general liability insurance policies, having Policy Nos. PHPK1632992, PHPK1798659, and PHPK1964188 and having the policy periods of April 1, 2017, to April 1, 2018, April 1, 2018, to April 1, 2019, and April 1, 2019, to April 1, 2020, respectively. Relevant portions of the Philadelphia policies are attached as Exhibits B, C and D.

17. The policies issued by Navigators and Philadelphia are primary commercial general liability policies (hereinafter referred to collectively as the "CGL Policies").

## The *Addi* Class Action

18. On November 12, 2019, the plaintiffs in the underlying action filed their complaint in the *Addi* Class Action. The underlying plaintiffs later filed a First Amended Complaint in the *Addi* Class Action. A copy of the *Addi* First Amended Complaint is attached as Exhibit E.

19. In the *Addi* Class Action, the putative class representatives asserted fourteen (14) causes of action against Meade and Corvias:

> COUNT I – Negligence (by all Plaintiffs against Defendants, and by the Class against Defendants)
>
> COUNT II – Gross Negligence (by all Plaintiffs against Defendants)
>
> COUNT III – Negligent Breach of Warranty to Repair (by all Plaintiffs against Defendants, and by the Class against Defendants)
>
> COUNT IV – Breach of Contract (by all Plaintiffs against Defendants, and by the Class against Defendants)
>
> COUNT V – Tort Arising out of Breach of Contract (by all Plaintiffs against Defendants, and by the Class against Defendants)
>
> COUNT VI – Constructive Eviction (by all Plaintiffs against Defendants)

COUNT VII – Violation of § 3951(a) of the Servicemembers Civil Relief Act (by all Plaintiffs against Defendants and by the Class against Defendants)

COUNT VIII – Violation of Maryland Code, Real Property § 8-211 (by the Class against Defendants)

COUNT IX – Breach of the Implied Covenant of Quiet Enjoyment (Maryland Code, Real Property § 2-115) (by all Plaintiffs against Defendants and by the Class against Defendants)

COUNT X – Unjust Enrichment (by all Plaintiffs against Defendants and by the Class against Defendants)

COUNT XI – Unfair or Deceptive Trade Practice, (Maryland Consumer Protection Act, § 13-301) (by all Plaintiffs against Defendants and by the Class against Defendants)

COUNT XII - Negligent Misrepresentation (by all Plaintiffs against Defendants and by the Class against Defendants)

COUNT XIII – Fraud (by all Plaintiffs against Defendants)

COUNT XIV - Civil Conspiracy (by all Plaintiffs against Defendants and by the Class against Defendants).

20. Corvias and Meade retained the law firm of Holland & Knight LLP to represent them and defend them in the *Addi* Class Action.

21. Holland & Knight LLP defended Corvias and Meade in the *Addi* Class Action, which culminated in the dismissal of the *Addi* Class Action with prejudice on May 9, 2022.

22. Holland & Knight LLP's fees and costs incurred by Corvias and Meade in the defense of the *Addi* Class Action were reasonable and necessary.

**Philadelphia and Navigators Breach of Their Duty to Defend**

23. Immediately upon the filing of the *Addi* Class Action, Meade and Corvias notified the defendants of the *Addi* Class Action.

24. The Philadelphia and Navigators acknowledged a duty to defend Corvias and Meade with respect to the *Addi* Class action, but reserved rights to deny indemnification as to

5

certain causes of action in the *Addi* Class Action Complaint, to deny coverage due to a variety of exclusions, and to deny indemnification for any damages on account of loss, injury, or damage due to intentional conduct on the part of Corvias or Meade.

25. The reservations of rights asserted by Philadelphia and Navigators created a conflict of interest as between the Philadelphia and Navigators, on one hand, and Meade and Corvias, on the other, with respect to the defense of the *Addi* Class Action.

26. Corvias and Meade controlled their defense in the *Addi* Class Action and Holland & Knight LLP served as independent counsel.

27. Pursuant to their duty to defend, Philadelphia and Navigators were obligated to reimburse Corvias and Meade for the reasonable and necessary defense costs of the *Addi* Class Action.

28. Philadelphia and Navigators reimbursed Corvias and Meade for some, but not all, of the reasonable and necessary defense costs for the *Addi* Class Action.

29. The defense of the *Addi* Class Action concluded, and it was dismissed with prejudice on May 9, 2022.

30. Corvias and Meade seek to recover in excess of $75,000 as the measure of the remaining reasonable and necessary defense costs of the *Addi* Class Action, which Philadelphia and Navigators have failed to reimburse.

## COUNT I:
### Breach of Contract Against Philadelphia

31. Meade and Corvias incorporate by reference the allegations set forth in paragraphs 1 through 30, as though fully set forth herein.

32. The insurance policies issued by Philadelphia to Meade and Corvias are contracts.

33.     Meade and Corvias fully performed under the contracts and satisfied all conditions precedent to performance by Philadelphia.

34.     Pursuant to the CGL Policies issued by Philadelphia, Philadelphia owed Corvias and Meade a duty to defend the *Addi* Class Action.

35.     Philadelphia breached its duty to defend Corvias and Meade in the following ways:

   a.  While having acknowledged a duty to defend, Philadelphia failed to identify the fact and nature of the conflict of interest created by its reservation of rights;

   b.  Philadelphia breached its duty to defend by virtue of its attempts to control the defense of Meade and Corvias in the *Addi* Class Action, while at the same time having a conflict of interest by virtue of its reservation of rights; and

   c.  Philadelphia breached its duty to defend by failing and refusing to reimburse Meade and Corvias for the reasonable and necessary defense costs incurred in the defense of the *Addi* Class Action.

36.     Meade and Corvias have been damaged by Philadelphia's breach of contract.

37.     Meade and Corvias are entitled to full reimbursement of the reasonable and necessary defense costs incurred in the defense of the *Addi* Class Action, plus an award of attorney's fees for prosecuting this action and prejudgment interest.

## COUNT II:
## Breach of Contract Against Navigators

38.     Meade and Corvias incorporate by reference the allegations set forth in paragraphs 1 through 30, as though fully set forth herein.

39.     The insurance policy issued by Navigators to Meade and Corvias is a contract.

40.     Meade and Corvias fully performed under the contract and satisfied all conditions precedent to performance by Navigators.

41. Pursuant to the CGL Policy issued by Navigators, Navigators owed Corvias and Meade a duty to defend the *Addi* Class Action

42. Navigators breached its duty to defend Corvias and Meade in the following ways:

   a. While having acknowledged a duty to defend, Navigators failed to identify the fact and nature of the conflict of interest created by its reservation of rights;

   b. Navigators breached its duty to defend by virtue of its attempt to control the defense of Meade and Corvias in the *Addi* Class Action, while at the same time having a conflict of interest by virtue of its reservation of rights; and

   c. Navigators breached its duty to defend by failing and refusing to reimburse Meade and Corvias for the reasonable and necessary defense costs incurred in the defense of the *Addi* Class Action.

43. Meade and Corvias have been damaged by Navigator's breach of contract.

44. Meade and Corvias are entitled to full reimbursement of the reasonable and necessary defense costs incurred in the defense of the *Addi* Class Action, plus an award of attorney's fees for prosecuting this action and prejudgment interest.

## Jury Demand

Plaintiffs Meade Communities, LLC and Corvias Management-Army, LLC here by demand a jury as to all issues so triable.

## Prayer For Relief

WHEREFORE, Plaintiffs Meade Communities, LLC and Corvias Management-Army, LLC pray for the Court to enter judgment against defendants Philadelphia Indemnity Insurance Company and Navigators Specialty Insurance Company and award the following relief:

1. With respect to Count I – Breach of Contract, find that Defendant Philadelphia Indemnity Insurance Company breached its duty to defend and award plaintiffs

damages in excess of $75,000 and award attorney's fees and costs associated with prosecuting this lawsuit;

2. With respect to Count II – Breach of Contract, find that Defendant Navigators Specialty Insurance Company breached its duty to defend and award plaintiffs damages in excess of $75,000 and award attorney's fees and costs associated with prosecuting this lawsuit; and

3. Award such other relief as this Court deems just and proper, including prejudgment interest.

Dated:  September 9, 2022               Respectfully submitted:


By:   *//Brian T/ Gallagher//*

Brian T. Gallagher
Council, Baradel, Kosmerl & Nolan, P.A.
125 West Street, Fourth Floor
Annapolis, MD  21401

*Attorneys for Plaintiffs, Corvias Management-Army, LLC and Meade Communities, LLC*