IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Corvias Management-Army, LLC *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> Philadelphia Indemnity Ins. Co. *et al.*, <br><br> *Defendants*. | No. 1:22-cv-2285 |

**DEFENDANT NAVIGATORS SPECIALTY INSURANCE COMPANY'S ANSWER AND DEFENSES**

Defendant Navigators Specialty Insurance Company ("Navigators") answers the Complaint, ECF No. 1, as follows:

**Introduction**

1. **Denied**, except that Navigators **admits** that (a) it issued a general liability insurance policy to a collection of named insureds that included Plaintiff Meade Communities, LLC, and (b) that Meade Communities, LLC was a defendant in the action known as *Addi, et al. v. Corvias Management-Army, LLC, et al.*, No. 1:19-cv-03253-ELH, filed in the United States District Court for the District of Maryland (the "*Addi* Class Action").

2. **Denied**, except that Navigators **admits** that it agreed to defend Meade Communities, LLC in the *Addi* Class Action under a reservation of its rights to deny certain indemnity coverage.

3. **Denied**.

4. **Denied**, except that Navigators **admits** that the Complaint "seek[s] damages for breach of the duty to defend."

### The Parties

5–10.     Navigators lacks knowledge or information sufficient to form a belief about the truth of the allegations in these paragraphs.*

11.     **Admitted**.

### Jurisdiction

12.     This paragraph states legal conclusions to which no response is necessary under Federal Rule of Civil Procedure 8(b). Navigators agrees that this Court has subject matter jurisdiction over this action.

13.     This paragraph states legal conclusions to which no response is necessary under Rule 8(b). Navigators agrees that venue is proper this Court.

### The Policies

14.     **Denied**, except that Navigators **admits** that it issued a commercial general liability policy with a policy period from April 1, 2016 to April 1, 2017 that listed Meade Communities, LLC as a named insured.

15.     **Denied**, except that Navigators **admits** that (a) Navigators issued a commercial general liability policy with policy number CE16CGL157302IC and a policy period from April 1, 2016 to April 1, 2017 that listed Meade Communities, LLC as a named insured ("Navigators Policy"), and (b) Exhibit A to the Complaint contains portions of the Navigators Policy.

16.     Navigators lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17.     This paragraph contains only legal conclusions to which no response is required by Rule 8(b). Navigators responds that the Navigators Policy speaks for itself.

---

* Under Federal Rule of Civil Procedure 8(b)(5), this response "has the effect of a denial."

**The *Addi* Class Action**

18. Navigators lacks knowledge or information sufficient to form a belief about who filed the *Addi* Class Action. Navigators **admits** that a complaint and, later, a First Amended Complaint was filed in the *Addi* Class Action. Navigators **denies** the remaining allegations in this paragraph.

19. **Admitted**.

20. **Admitted**.

21. **Denied**, except that Navigators **admits** that Holland & Knight LLP represented Corvias and Meade in the *Addi* Class Action and that the *Addi* Class Action was dismissed by stipulation on May 9, 2022 "in accordance with the parties' confidential settlement agreement." ECF No. 137, *Addi* Class Action.

22. **Denied**.

**Philadelphia and Navigators Breach of Their Duty to Defend†**

23. **Denied**, except that Navigators **admits** that Meade notified Navigators of the *Addi* Class Action sometime between November 12, 2019 and November 20, 2019, and that Navigators lacks knowledge or information sufficient to form a belief about when Meade or Corvias first notified Philadelphia Indemnity Insurance Company ("Philadelphia") of the *Addi* Class Action.

24. Navigators lacks knowledge or information sufficient to form a belief about when and how Philadelphia communicated with Plaintiffs about its obligations under its policies. Navigators admits that it issued a reservation-of-rights letter to Meade, and Navigators states that

---

† To the extent that this heading alleges that Navigators breached its duty to defend, that allegation is **denied**.

the letter speaks for itself. Navigators **denies** any remaining allegations in this paragraph inconsistent with the content of the letter.

25. **Denied**.

26. This paragraph states only legal conclusions to which no response is required under Rule 8(b). To the extent a response is required, Navigators **denies** any allegations in this paragraph.

27. **Denied**.

28. **Denied**, except that Navigators **admits** that it and other insurance companies reimbursed Meade for some, but not all, of its attorneys' fees related to the *Addi* Class Action.

29. **Denied**, except that Navigators **admits** that the *Addi* Class Action was dismissed by stipulation on May 9, 2022 "in accordance with the parties' confidential settlement agreement." ECF No. 137, *Addi* Class Action.

30. **Denied**, except that Navigators **admits** that Corvias and Meade seek damages in excess of $75,000 in this action.

## COUNT I:
## Breach of Contract against Philadelphia

31. Navigators incorporates by references its responses to the allegations set forth in paragraphs 1 through 30.

32–37. These paragraphs contain only legal conclusions to which no response is necessary under Rule 8(b). To the extent a response is required, Navigators lacks knowledge or information sufficient to form a belief about the truth of allegations in these paragraphs.

## COUNT II:
## Breach of Contract against Navigators[‡]

38. Navigators incorporates by references its responses to the allegations set forth in paragraphs 1 through 30.

39. Admitted.

40–44. These paragraphs contain only legal conclusions to which no response is necessary under Rule 8(b). To the extent a response is required, allegations in these paragraphs are **denied**.

In addition, Navigators **denies** any allegations contained in or implied by Plaintiffs' jury demand and prayer for relief.

## DEFENSES

Without waiving its general denial of liability or its specific denials of allegations above, and without undertaking the burden of proof on any issue for which Plaintiffs bear the burden of proof, Navigators asserts the following defenses:

1. Navigators's obligations are controlled exclusively by the terms, conditions, exclusions, retained limits, and limits of liability of the Navigators Policy. The burden is on any person claiming coverage under the Navigators Policy to prove the existence and extent of coverage under the terms of the Navigators Policy.

2. Plaintiffs waived any right to seek the compensation sought in this action in the Tolling, Non-Waiver, and Defense Cost Sharing Agreement dated October 15, 2021.

3. Plaintiffs released the claims raised in this action in the Tolling, Non-Waiver, and Defense Cost Sharing Agreement dated October 15, 2021.

---

[‡] To the extent that this heading alleges that Navigators breached the terms of its insurance policy, that allegation is **denied**.

4. Navigators' contribution toward paying Holland & Knight LLP at rates identified in the Tolling, Non-Waiver, and Defense Cost Sharing Agreement dated October 15, 2021, represents accord and satisfaction of the claims Plaintiffs assert in this action.

5. Plaintiffs failed to satisfy one or more conditions of coverage in Section IV of the Navigators Policy on pages 11 to 13 of Form CG 00 01 04 13, including the requirement that "[n]o insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent."

6. Plaintiffs are not entitled to recover the attorneys' fees and costs associated with prosecuting this action from Navigators.

7. Corvias Management-Army, LLC is not an insured under the Navigators Policy.

8. Navigators incorporates by reference the defenses raised by Defendant Philadelphia Indemnity Insurance Company in its answer, ECF No. 7, that apply with equal force to Navigators.

9. Navigators reserves the right to amend or supplement these defenses as appropriate.

## COUNTERCLAIM

Defendant Navigators asserts the following counterclaim against all Plaintiffs:

### Parties

1. Navigators incorporates by references paragraphs 5–9 and 11 of the Complaint, which identifies the parties to this Counterclaim as "Navigators," "Meade," and "Corvias."

### Jurisdiction and Venue

2. This Court has original jurisdiction over these counterclaims under 28 U.S.C. § 1332, because there is complete diversity between Navigators, on the one hand, and Meade and Corvias, on the other hand, and because the amount in controversy exceeds $75,000.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims asserted in this counterclaim occurred in this judicial district.

## The Navigators Policy

4. Navigators issued a commercial general liability policy with policy number CE16CGL157302IC and a policy period from April 1, 2016 to April 1, 2017 that listed Meade as a named insured ("Navigators Policy"). The Navigators Policy has a per-occurrence limit of $1 million, a general aggregate limit of $2 million, and a products / completed operations aggregate limit of $2 million.

## The *Addi* Class Action

5. On November 12, 2019, the plaintiffs in the underlying action filed their complaint in *Addi, et al. v. Corvias Management-Army, LLC, et al.*, Case No. 1:19-cv-03253-ELH, filed in the United States District Court for the District of Maryland (the "*Addi* Class Action")—a putative class action that alleged, among other things, that Meade's and Corvias's negligent or intentional failure to provide military families safe housing had exposed those families to toxic mold.

## COUNT I
### Declaratory Judgment: No Indemnity Coverage

6. Navigators incorporates its allegations in paragraphs 1 through 5 into this Count.

7. Navigators is not obligated to pay certain portions of the settlement or any future judgment arising from the *Addi* Class Action for one or more of the following reasons:

   a. Some or all of the settled claims in the *Addi* Class Action are not attributable to "bodily injury" as defined in the Navigators Policy, and claims settled did not arise from such "bodily injury."

7

    b. Some or all of the settled claims in the *Addi* Class Action are not attributable to "property damage" as defined in the Navigators Policy, and claims settled did not arise from such "property damage."

    c. Some or all of the settled claims in the *Addi* Class Action are not attributable to bodily injury or property damage caused by an "occurrence" as defined in the Navigators Policy, and the claims settled did not arise from such an "occurrence."

    d. Some or all of the settled claims in the *Addi* Class Action are attributable to bodily injury or property damage caused by fungi, bacteria, lead, or pollution, and such damage is excluded from coverage under the Navigators Policy.

    e. Some or all of the settled claims in the *Addi* Class Action are attributable to contractual liability claims or claims for expected or intended injury, both of which are excluded from coverage under the Navigators Policy.

8. Navigators thus had no duty to indemnify Meade or Corvias for the settlement of the *Addi* Class Action or paid for portions of the settlement that are not covered under the Navigators Policy, so Navigators is entitled to a refund of those payments.

WHEREFORE, this Court should hold that Navigators is entitled to repayment from Meade and Corvias of some or all of its payments toward the settlement in the *Addi* Class Action, and should award the value of that repayment to Navigators as damages, along with costs, attorneys' fees, and any other relief that this Court finds just and proper under the circumstances.

Respectfully submitted,

/s/ Joseph Dudek
Ezra S. Gollogly (28088)
Joseph Dudek (20261)
K<small>RAMON</small> & G<small>RAHAM</small>, P.A.
One South Street, 26th Floor
Baltimore, Maryland 21202
410-752-6030 (telephone)
410-539-1269 (facsimile)
egollogly@kg-law.com

*Counsel for Defendant Navigators Specialty Insurance Company*